IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APRIL WOOD,

      Plaintiff,

v.                                            CV 10-1067 WJ/WPL

VICTOR NWACHUKU, M.D.,

      Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL

This matter is before me on Defendant Victor Nwachuku's Motion to Compel. (Doc. 37; Doc. 38.) Nwachuku asks the Court to compel Plaintiff April Wood to answer his second set of interrogatories and supplement three requests for admission ("RFA"). (Doc. 37 at 1.) After having reviewed the relevant law and facts, I now grant in part and deny in part Nwachuku's Motion to Compel, and I order Wood to answer Interrogatories Nos. 31-34 and supplement her responses to RFA Nos. 5 and 8.

Wood brought this action against Nwachuku for medical malpractice. (Doc. 1.) The Court held a Rule 16 scheduling conference and issued a Scheduling Order which limited each party to forty interrogatories. (Doc. 9 at 10; Doc. 12 at 1.) Nwachuku's first set of interrogatories contained twenty-nine questions, many of which had multiple subparts. (*See* Doc. 37 Ex. 1.) Wood timely responded to all of the interrogatories in the first set, making no objections. (Doc. 15.) Nwachuku served a second set of interrogatories and a first set of RFAs on October 31, 2011, and he served a third set of interrogatories on November 23, 2011. (Doc. 30; Doc. 32.) Wood objected to all of the interrogatories in the second set, arguing that Nwachuku had exceeded the forty question limit in his first set of interrogatories, and she was no longer required to answer additional questions. (Doc.

37 Ex. 4; Doc. 37 Ex. 6.) Wood provided responses to the request for admissions (Doc. 31; Doc.37 Ex. 2) and agreed to answer the third set of interrogatories (Doc. 37 Ex. 6). Nwachuku now moves to compel Wood to answer all of the questions in the second set of interrogatories and to provide supplemental responses to RFA Nos. 5, 6, and 8. (Doc. 37.) Wood responded in opposition to this motion (Doc. 45; Doc. 46), and Nwachuku filed a reply (Doc. 47).

## I.     Interrogatories

Federal Rule of Civil Procedure 33 governs the use of interrogatories as a discovery tool. The Rule limits the number of interrogatories parties may serve on one another to twenty-five, unless otherwise specified by the court. *See* FED. R. CIV. P. 33(a). The use of subparts in interrogatories is a common practice, and it is not expressly limited by the Federal Rules. However, the Advisory Committee explained in its 1993 amendment to the Rules that subparts may not be used to avoid the limitations on interrogatories. FED. R. CIV. P. 33(a) advisory committee's note (1993). Courts consider the subparts of an interrogatory as part of a single question if they logically and factually relate to the primary question, but the subparts are treated as separate questions if they address discrete areas of inquiry. *See Pouncil v. Branch Law Firm*, No. 10-1314-JTM-DJW, 2011 U.S. Dist. LEXIS 143227, at *3-5 (D. Kan. Dec. 13, 2011); *Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of N.M.,* No. CIV 09-0885 JB/DJS, 2010 U.S. Dist. LEXIS 127396, at *38-39 (D.N.M. Nov. 11, 2010) (quoting *Clark v. Burlington N. R.R.,* 112 F.R.D. 117, 120 (N.D. Miss. 1986)); *Jaramillo v. Adams Cnty. Sch. Dist. 14,* No. 09-cv–2243-RPM-MEH, 2010 U.S. Dist. LEXIS 53350, at *8-9 (D. Colo. May 6, 2010); *Williams v. Bd. of Cnty. Comm'rs*, 192 F.R.D. 698, 701 (D. Kan. 2000).

Objections to the number of interrogatories are permissible, and, like any other discovery objection, they must be timely. *See* FED. R. CIV. P. 33(b)(2) & (4); *Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007). A responding party must serve its answers or objections within thirty days

after the interrogatories have been served. FED. R. CIV. P. 33(b)(2). If objections are not served within that time, then they are deemed waived. *See Anchondo v. Anderson, Crenshaw, & Assocs., L.L.C.*, 256 F.R.D. 661, 665 (D.N.M. 2009).

Here, the Court limited the number of interrogatories to forty. Wood argues that the first set of interrogatories, although labeled "one" through "twenty-nine," actually contains over seventy separate questions. (Doc. 45 at 2.) However, as Nwachuku notes, Plaintiff did not challenge the number of interrogatories within thirty days of the service of the first set; rather, she answered all of the questions, which amounts to waiver. Furthermore, her objection to the number of interrogatories comes nine months after she served her responses, which is clearly untimely. Thus, she may not challenge the number of interrogatories in the first set.

However, Wood has timely objected to the number of interrogatories in the second set, even though she agreed to answer the interrogatories in the third set. (Doc. 37 Ex. 6; Doc. 47 at 1.) To evaluate the merit of her objection, I must first consider whether it is acceptable for Wood to choose to answer one set of interrogatories and not another when she is objecting to the number of interrogatories. Second, if it is permissible for Wood to object solely to the second set, I must decide how to count the total number of interrogatories answered. Lastly, I must evaluate the interrogatories in the second set in order to determine whether they exceed the forty interrogatory limit.

In *Allahverdi v. Regents of the University of New Mexico*, 228 F.R.D. 696 (D.N.M. 2005), Allahverdi served the Regents with interrogatories which contained numerous subparts. *Id.* at 697. The Regents believed that the actual number of interrogatories exceeded the limit set by the court, so they chose to respond to some and object to others. *Id.* at 698. The court held that when the responding party believes the requesting party has exceeded the limit on interrogatories, "[t]he responding party should not answer some interrogatories and object to the ones to which it does not

3

want to respond. By answering some and not answering others, the [party] waived this objection." *Id.*

Here, we have a similar situation. Wood believes that all of the interrogatories after the first set exceed the total limit; yet, she agreed to respond to the third set and not the second. However, the facts here are distinguishable from *Allahverdi* since Wood does not appear to be engaging in selective answering. In *Allahverdi*, the Regents tried to control Allahverdi's access to discovery by selecting which interrogatories they would answer. Here, though, there is no evidence that Wood is attempting to exercise back door control on Nwachuku's discovery by answering certain interrogatories at the exclusion of others. This intention is evident by the fact that she believes she does not have to answer any of the interrogatories. Also, her counsel's letter to Nwachuku's counsel offers to answer the third set since they only ask for clarification of her responses to two RFAs, which seems like she is merely extending professional courtesy. Thus, the equitable considerations in *Allahverdi* are not at play in this situation. Accordingly, I do not view Wood's decision to answer the two interrogatories in the third set as an attempt to undermine the ability of Nwachuku to conduct discovery through the second set.

Since the offer to respond to the third set appears to be a professional courtesy, and since the Court wishes to avoid a decision which might lead to an unintentional control of the discovery process by Wood, I will not count the two interrogatories in the third set into the total number that Nwachuku has served. Thus, I find that Nwachuku still has eleven interrogatories remaining.

The final inquiry is to determine the actual number of interrogatories contained in the second set. Interrogatories Nos. 31, 32, 33, and 34 all contain subparts, but those subparts logically and factually relate to the primary question, and so they all count as single inquiries. (*See* Doc.37 Ex. 4 at 2-5.) However, Interrogatory No. 30 asks: "If you have denied any of Dr. Nwachuku's First

Requests for Admission, in whole or in part, please explain your denial(s) in full." (Doc. 37 Ex. 4 at 1.) According to Plaintiff's Response to Defendant's First Requests for Admission, Wood denied thirteen requests. (Doc. 37 Ex. 2 (denying Requests for Admission Nos. 3, 5, 8, 10, 12, 14, 15, 22, 24, 10, 28, 29, 31).) Since each denial is based on a separate set of facts and reasoning, this interrogatory is properly viewed as thirteen distinct inquiries. *See Pouncil*, 2011 U.S. Dist. LEXIS 143227 at *6-7 ("Although the information sought may arguably relate to the common theme . . . the Court finds the allegations are sufficiently different and require Defendants to identify a different set of facts.")

Nwachuku acknowledged the breadth of Interrogatory No. 30 in his motion to compel, and he offered to withdraw the question if Wood fully responded to the third set of interrogatories and agreed to supplement her answers to RFA Nos. 5, 6, and 8. (Doc. 37 at 4.) Since Wood has agreed to answer the third set and supplement RFA No. 6, and since, as will be discussed below, Wood will be ordered to supplement her other two answers, I will strike Interrogatory No. 30. I therefore order Wood to respond to Interrogatories Nos. 31, 32, 33, and 34 within fourteen days of the date of this order.

## II.     Requests for Admission

Nwachuku argues that Wood's responses to RFA Nos. 5, 6, and 8 are insufficient. Wood clarified in her response that she plans to supplement her response in No. 6 by correcting a typographical error (Doc. 46 at 4; Doc. 47 at 2), so I will consider only whether Wood should supplement her responses to Nos. 5 and 8.

RFA No. 5 asks Wood to admit or deny the following: "The cost of the July 20, 2009, postoperative visit with Dr. Nwachuku was covered by the Grant County Indigent Fund." (Doc. 37 Ex. 2 at 2.) Wood denied the statement, writing "I do not know. My understanding is that office

5


visits were not covered by the Grant County Indigent Fund." (*Id.*) RFA No. 8 states: "The cost of the second postoperative visit with Dr. Nwachuku five weeks from July 30, 2009, was covered by Grant County Indigent Fund." (*Id.*) Wood denies this, too, writing "Please see my Response to Request No. 5." (*Id.*)

Federal Rule of Civil Procedure 36 requires that if a party denies a RFA, then she must "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). If a party does not have sufficient knowledge to admit or deny something, then she must state that she made a reasonable inquiry into the matter and still is unable to answer. *Id.*; *Stark-Romero v. AMTRAK Co.,* 275 F.R.D. 551, 558 (D.N.M. 2011).

Nwachuku argues that Wood's explanations violate Rule 36 because they simultaneously deny the statement and claim not to have sufficient knowledge to answer, and both answers fail to state whether Wood has reasonably inquired into the matter. (Doc. 38 at 3-4.) Wood challenges the need to provide a supplemental response, arguing that the question reflects Wood's understanding of her medical coverage at the time. (Doc. 46 at 4.) Wood asserts that since her understanding "is what is significant regarding the case," the answer is sufficient. (*Id.*)

I find Wood's explanation unconvincing. Regardless of what Wood thinks is important to the merits of the case, she is bound to respond to the RFAs as they are written. The RFAs do not ask for Wood's understanding as to whether the doctors visits were covered; they ask only whether they were actually covered. Wood can admit this statement, deny it, or state that she does not know. Wood's responses do not meet the requirements of Rule 36(a)(4), and thus I order her to supplement her responses to Nos. 5 and 8.

IT IS SO ORDERED.

*William P. Lynch*

William P. Lynch
United States Magistrate Judge